IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: CCA Recordings 2255 Litigation,<br><br>Petitioners,<br><br>v.<br><br>United States of America,<br><br>Respondent. | Case No. 19-2491-JAR-JPO<br>(This Order Relates to Case Nos. 16-cr-40002-DDC-1, *United States v. Ayala-Garcia*, 18-cv-04103-JAR, *Ayala-Garcia v. United States*; 16-cr-20008- DDC-2, *United States v. Bell*, 19-cv- 02785-JAR, *Bell v. United States*; 16-cr- 20031-JAR-4, *United States v. Bobadilla-Oliva*, 21-cv-02109-JAR, *Bobadilla-Oliva v. United States*; 16-cr- 20014-JAR-4, *United States v. Bradley*, 20-cv-02002-JAR, *Bradley v. United States*; 16-cr-20011-JAR-1, *United States v. Campbell*, 18-cv-02414-JAR, *Campbell v. United States*; 16-cr-40003- DDC-1, *United States v. Carrillo-Elias*, 18-cv-04086-JAR, *Carrillo-Elias v. United States*; 11-cr-20125-DDC-1, *United States v. Catrell*, 19-cv-02408- JAR, *Catrell v. United States*; 14-cr- 20014-KHV-2, *United States v. Clifton*, 19-cv-02411-JAR, *Clifton v. United States*; 16-cr-20041-JAR-1, *United States v. Dehaven*, 18-cv-02474-JAR, *Dehaven v. United States*; 14-cr-20028- DDC-1, *United States v. Dillow*, 18-cv- 02458-JAR, *Dillow v. United States*; 15- cr-20061-JAR-8, *United States v.Franco*, 18-cv-02415-JAR, *Franco v. United States*; 14-cr-40007-DDC-2, *United States v. Gutierrez*, 18-cv-04102-JAR, *Gutierrez v. United States*; 13-cr- 20070-DDC-5, *United States v. Irvin*, 19-cv-02046-JAR, *Irvin v. United States*; 14-cr-20030-JAR-1, *United States v. Jackson*, 18-cv-02434-JAR, *Jackson v. United States*; 15-cr-20091-JAR-1, *United States v. Jones*, 18-cv-02254- JAR, |

*Jones v. United States*; 15-cr- 20012-JAR-2, *United States v. Lolar*, 19-cv-02393-JAR, *Lolar v. United States*; 16-cr-20041-JAR-3, *United States v. Mebane*, 18-cv-02413-JAR, *Mebane v. United States*; 15-cr-20020-JAR-2, *United States v. Montes-Medina*, 18-cv-02464-JAR, *Montes-Medina v. United States*; 16-cr-20022-JAR-3, *United States v. Morris*, 18-cv-02378-JAR, *Morris v. United States*; 15-cr-40005-DDC-1, *United States v. Neal*, 19-cv-04062-JAR, *Neal v. United States*; 15-cr- 20061-JAR-1, *United States v. Nunez- Aguilar*, 18-cv-02503-JAR, *Nunez- Aguilar v. United States*; 16-cr-20001- JAR-1, *United States v. Odegbaro*, 18- cv-02416-JAR, *Odegbaro v. United States*; 16-cr-40006-DDC-1, *United States v. Ponce-Serrano*, 18-cv-04104- JAR, *Ponce-Serrano v. United States*; 15-cr-20038-JAR-2, *United States v. Rodriguez-Torres*, 18-cv-02462-JAR, *Rodriguez-Torres v. United States*; 15- cr-20020-JAR-9, *United States v. Soriano*, 18-cv-02435-JAR, *Soriano v. United States*; 14-cr-40129-DDC-1, *United States v. Soto-Camargo*, 18-cv- 04097-JAR, *Soto-Camargo v. United States*; 16-cr-20015-JAR-5, *United States v. Tabares-Aviles*, 18-cv-02427- JAR, *Tabares-Aviles v. United States*; 15-cr-20091-JAR-2, *United States v. Thurman*, 19-cv-02398-JAR, *Thurman v. United States*; 16-cr-20031-JAR-8, *United States v. Torres*, 19-cv-02298- JAR, *Torres v. United States*; 16-cr- 20008-DDC-5, *United States v. Torres- Ayala*, 19-cv-02399-JAR, *Torres-Ayala v. United States*; 15-cr-40095-DDC-1, *United States v. Vasquez-Montalvo*, 18-cv-04101-JAR, *Vasquez-Montalvo v. United States*; 16-cr-20017-DDC-2, *United States v. Vazquez-Saenzpardo*, 18-cv-02417-JAR, *Vazquez-Saenzpardo*

*v. United States*; 16-cr-20031-JAR-3, *United States v. Velazquez*, 20-cv-02254-JAR, *Velazquez v. United States*; 15-cr-20061-JAR-6, *United States v. Vera*, 18-cv-02422-JAR, *Vera v. United States*; 16-cr-20008-DDC-7, *United States v. Villa-Valencia*, 19-cv-02106-JAR, *Villa-Valencia v. United States*; 16-cr-20031-JAR-2, *United States v. Viveros-Avecias*, 20-cv-02431-JAR, *Viveros-Avecias v. United States*; 16-cr-40012-DDC-2, *United States v. Younger*, 18-cv-04105-JAR, *Younger v. United States*; 16-cr-20008-DDC-3, *United States v. Zamudio*, 19-cv-02191-JAR, *Zamudio v. United States*; and 16-cr- 20031-JAR-5, *United States v. Zelaya- Pacheco*, 21-cv-02107-JAR, *Zelaya- Pacheco v. United States*.)

## **MEMORANDUM AND ORDER**

This matter is before the Court in this consolidated matter on petitioners' Motion for a Stay Pending the Outcome of a Related Appeal (Doc. 897).[1] The government opposes petitioners' request.[2] For the reasons set forth below, the Court grants the motion and the habeas cases listed in the above caption are hereby stayed until further order of the Court.

**I.    Background**

The Court assumes the reader is familiar with its rulings in this consolidated matter that precipitate the issue before the Court. The Court does not restate the underlying facts and conclusions of law in detail but will provide excerpts from the record as needed to frame its discussion of the motion to stay presently before it.

Petitioners have filed motions to vacate their convictions and sentences under 28 U.S.C.

---

[1] "Petitioners" refers to the individual petitioners listed in the caption.
[2] Doc. 917.

§ 2255, alleging that the government violated the Sixth Amendment by intentionally and unjustifiably becoming privy to recordings of their protected attorney-client communications. On January 18, 2021, this Court issued the first of two orders that give rise to petitioners' motion, ruling that petitioners who allege a pre-plea Sixth Amendment violation must satisfy the well-established requirements for collaterally challenging an unconditional plea agreement under *Tollett v. Henderson*.[3] Under that ruling, petitioners' pre-plea-violation claims were subject to dismissal unless they were granted leave to amend their § 2255 motions to assert that their unconditional pleas were not knowing and voluntary under the applicable standard.[4] On March 3, 2021, the Court denied petitioners' motion to reconsider, but gave petitioners the opportunity to seek leave to amend to assert a discrete, good faith post-plea Sixth Amendment violation.[5]

On March 26, 2021, Petitioner Matthew Spaeth notified the Court that he did not intend to seek leave to amend his § 2255 motion, either to allege that his unconditional standard plea was not knowing and voluntary or to allege a discrete post-plea violation.[6] Spaeth, whose claim involves audio recordings of phone calls with counsel while he was detained at CCA, stated that he understood that his decision would result in the dismissal of his § 2255 motion and asked the Court to enter the dismissal forthwith, so that he might file a notice of appeal.[7] On April 1, 2021, thirty-nine petitioners filed similar notices.[8] Petitioners acknowledged that their notices would render their § 2255 motions "vulnerable" to dismissal under the Court's previous rulings and

---

[3] Doc. 730 (citing 411 U.S. 258 (1973)).

[4] *Id.* at 40–41.

[5] Doc. 784 (rejecting petitioners' request to invoke the disjunctive adverse inference to allege pre-plea and post-plea violations in cases where petitioners pleaded guilty after the government obtained their recordings).

[6] Doc. 810.

[7] *Id.*

[8] Docs. 828–835; 837–839; 841–852; 854; 856–866; 868–871.

anticipated asking the Court to stay or abate any order of dismissal pending the outcome of Spaeth's appeal.[9]

On April 2, 2021, the Court dismissed Spaeth's § 2255 motion for the reasons stated in its two previous orders and granted him a certificate of appealability ("COA") on two *Tollett*-related issues.[10] The Court subsequently denied Spaeth's motion to expand the COA, but clarified the issues on which it granted a COA:

> (1) whether the carve-out provision in Petitioner's unconditional standard plea agreement constitutes a waiver of the government's right to raise, or created an exception to, the rule of law in *Tollett*; and (2) whether Petitioner's per se intentional-intrusion Sixth Amendment claim as alleged satisfies the standard in *Tollett* and its progeny, specifically, (a) whether a pre-plea *Shillinger* violation renders a plea unknowing and involuntary and, because Petitioner did not otherwise challenge the validity of his unconditional plea under the applicable standard, whether the rule in *Tollett* procedurally bars his claim; and (b) whether *Tollett* precludes Petitioner from challenging his sentence based on an alleged pre-plea Sixth Amendment violation.[11]

## II.   Discussion

Petitioners ask the Court to stay their § 2255 proceedings pending the outcome of Spaeth's appeal of the *Tollett*-related issues identified in the COA. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[12] In making this determination, the court "must weigh competing interests."[13] The factors to be

---

[9] *Id.*

[10] Doc. 874.

[11] Doc. 916 at 6 (citing *Shillinger v. Haworth*, 70 F.3d 1132 (10th Cir. 1995)).

[12] *Jones v. Dalrymple*, No. 14-1245, 2015 WL 4204020, at *1 (D. Kan. July 10, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

[13] *Id.*

considered include, "(1) [non-movant's] interests in proceeding expeditiously with the action and the potential prejudice to [the non-movant] of a delay; (2) the burden on [the movant if the stay is denied]; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest."[14]

The Court agrees that a stay is appropriate in this case for "prudential reasons."[15] Specifically, the Tenth Circuit will have before it the issue of whether the carve-out provision in petitioners' standard plea agreements constitutes a waiver of or exception to the rule of law in *Tollett* and if not, whether petitioners' per se intentional-intrusion Sixth Amendment claims alleged pursuant to *Shillinger v. Haworth*[16] renders a plea unknowing an involuntary. Petitioners' § 2255 motions all allege that the subject audio and video recordings were accessed or obtained by the government before petitioners entered their guilty pleas and are thus subject to dismissal under the Court's *Tollett* ruling. The Court would also grant petitioners the same COA as Spaeth so that they may appeal from those dismissals. Thus, the Spaeth appeal will determine key threshold issues for forty petitioners who allege pre-plea Sixth Amendment violations, and awaiting that outcome will avoid thirty-nine additional orders of dismissal by this Court and thirty-nine additional appeals to the Tenth Circuit that involve substantially the same procedural issue. As petitioners note, if the Tenth Circuit affirms the Court's order dismissing Spaeth's Sixth Amendment claims under *Tollett*, this Court can lift the stay and enter orders dismissing those petitioners' claims on the same basis. The Court is also considering over thirty post-plea, pre-sentence violation cases. Drafting thirty-nine individualized orders of dismissal is time

---

[14] *Nat'l Credit Union Admin. Bd. v. RBS Sec., Inc.*, No. 11-2340-JWL, 2013 WL 11332740, at *3 (D. Kan. Oct. 24, 2013); *see also Jones*, 2015 WL 4204020, at *1.

[15] *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2015 WL 5883716, at *1 (D. Kan. Oct. 8, 2015)

[16] 70 F.3d 1132 (10th Cir. 1995).

consuming and the Court intends to rule only once in petitioners' cases. Thus, a stay promotes interests of judicial economy.

The Court does not believe that the requested stay would unduly prejudice the government. The government has previously suggested staying these cases, albeit unsuccessfully. The government's complaint that it will be denied the finality it deserves on the issue of alleged prosecutorial misconduct is not dispositive, as it has concentrated its efforts on achieving dismissal of petitioners' Sixth Amendment claims on multiple procedural grounds without reaching the merits of petitioners' claims. While both parties contend that the other caused delay in these proceedings, there is no question the government's multi-layered jurisdictional and procedural objections—including the *Tollett* issue—have taken time to consider as the Court triaged over 100 § 2255 motions before making the temporal classifications of petitioners' claims. Certainly, the resulting delay has benefitted the government, as nearly two-thirds of the pending § 2255 motions have been dismissed or are subject to dismissal without reaching the merits of petitioners' claims.

Moreover, petitioners' convictions and sentences will remain intact for the duration of the stay and many will actually be released from custody during this time, also working to the government's benefit. Nor does the government's concern that petitioners will manufacture another defense should the Tenth Circuit rule against their *Tollett* argument hold much sway, as the Court has determined this issue to be dispositive of this temporal category of claims. While the Court has clarified the scope of Spaeth's COA, it cannot direct the issues on which the government will seek review on appeal; the government's apparent threat to seek affirmance on procedural issues that this Court did not address is curious, given the vigor with which the government pursued and obtained a successful—and dispositive—ruling on *Tollett*.

7

A stay would, however, relieve petitioners of the burdens and delay of pursuing individual appeals on this basis at this time. Reversal of this Court's *Tollett* decision would permit petitioners to continue to pursue their § 2255 motions without the necessity of remand orders in petitioners' individual cases. As petitioners note, each petitioner's sentencing challenge has a jurisdictional expiration date. Further, the Court notes that because petitioners seek a stay pending the outcome of an appeal in Spaeth's case and not their own, they do not need to demonstrate that Spaeth is likely to prevail in his appeal in order to succeed on the instant motion.[17] Indeed, the issues identified by this Court in Spaeth's COA will likely clarify the issues in the pending § 2255 motions, regardless of whether Spaeth is successful on appeal, "thereby streamlining the course of the investigation."[18]

The Court thus concludes that any potential prejudice to the government is outweighed by the potential benefits, including judicial economy, the unnecessary burdens associated with pursuing multiple appeals in multiple cases involving the same or similar issues, and a more efficient resolution of petitioners' claims after the Tenth Circuit has the opportunity to weigh in on the issues raised in Spaeth's appeal. Accordingly, the Court in its discretion grants petitioners' motion and orders a stay of these § 2255 proceedings pending the outcome of Spaeth's appeal. Once the appeal is resolved, the parties are directed to so notify the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioners' Motion to Stay (Doc. 897) is **granted**. The § 2255 habeas cases for petitioners listed in the caption are hereby stayed until further order of the Court.

**IT IS SO ORDERED.**

---

[17] *See Sprint Commc'ns Co. L.P*, 2015 WL 5883716, at *2 ("The cases cited by Sprint for a consideration of the likelihood of success, however, are inapposite, as they involved a request for a stay pending an appeal in the same case.").

[18] *Belltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008).

9

Dated: May 25, 2021

                                                              S/ Julie A. Robinson
                                                              JULIE A. ROBINSON
                                                              CHIEF UNITED STATES DISTRICT JUDGE